UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:16-cr-00001-TWP-TAB |
| ) | |
| DUPRECE JETT (1), DAMON MCKISSICK ) | |
| (02), and EARL WALKER (3) ) | |
| ) | |
| Defendant. | |

**ENTRY ON DEFENDANT EARL WALKER'S MOTION TO SEVER**

This matter is before the Court on Defendant Earl Walker's ("Walker") Motion to Sever ([Filing No. 64](Filing No. 64)). Walker contends that while joining him for trial with co-defendant Damian McKissick ("McKissick") was not improper under Federal Rule of Criminal Procedure 8(b), severance is appropriate under Rule 14 and *Bruton v. United States*, 391 U.S. 123 (1968) because of prejudice that would result from a joint trial. For the reasons stated below, Walker's Motion to Sever is **DENIED**.

### I.   FACTUAL BACKGROUND

On December 18, 2015, in a two-count criminal complaint, Walker and co-defendants McKissick and Duprece Jett ("Jett") were charged with conspiracy to commit robbery, 18 U.S.C. § 1951(a), and attempted bank robbery, 18 U.S.C. § 2113(a). On January 15, 2016, a federal grand jury returned a two-count Indictment charging the three men with conspiracy to commit robbery and attempted bank robbery. The three cases were joined and are set for trial on October 24, 2016.

The following facts are alleged by the Government: During the latter part of 2015, Walker's co-defendants, McKissick and Jett, robbed various financial institutions. On December 12, 2015,

Walker, McKissick, and Jett attempted to rob an Indiana Members Credit Union branch in Indianapolis, Indiana. That morning, law enforcement officers conducted surveillance at a residence in Indianapolis. The officers followed vehicles that left the residence, which eventually led the officers to the credit union where individuals were "casing" the credit union. A Buick LeSabre was driving by the credit union to "case it," and when law enforcement officers believed that the individuals were about to rob the credit union, they intervened and attempted to stop the LeSabre.

The person driving the LeSabre did not stop the vehicle when law enforcement officers tried to intervene. Instead, the driver of the car led the officers on a high-speed chase over the course of approximately seventeen miles, reaching speeds of 115 miles per hour. The driver of the LeSabre eventually lost control of the car and slowed enough to allow the passenger to jump out of the car. When the car stopped, the driver also jumped out of the car. The individuals began to flee from law enforcement officers on foot. After further pursuit by the officers, the individuals were arrested. The driver of the LeSabre was identified as Walker, and the passenger was identified as McKissick.

Walker and McKissick were taken to the Indianapolis Metropolitan Police Department so that law enforcement officers could conduct post-arrest interviews. They were placed in adjacent rooms. Walker invoked his Fifth Amendment rights and refused to answer any questions. McKissick made numerous attempts to communicate with Walker. He also made statements that were video-recorded. On the video, McKissick is seen and heard calling Walker's name in an attempt to communicate with him. He shouted instructions to Walker of what he should tell law enforcement officers and commented on the law enforcement officers' conduct. McKissick shouted to Walker:

>Hey Earl! Earl! Nothing…joyriding…fleeing.
>Hey Earl! Hey Bro.
>They jumped the gun. I say they jumped the gun. We ain't do shit. They didn't give us a chance. So—hey—uhh.

([Filing No. 64-1 at 2](#)). Based on these statements, Walker filed a motion to sever his trial from the trial of his co-defendant McKissick.

## II. LEGAL STANDARD

The district court should grant severance to properly joined defendants "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Rule 14 allows the district court to sever a defendant's trial if joinder appears to prejudice the defendant, and the defendant bears the heavy burden of making "'a strong showing of factually specific and compelling prejudice' that will 'mislead or confuse the jury.'" *United States v. Dixon*, 2015 U.S. Dist. LEXIS 65126, at *2 (S.D. Ind. May 19, 2015) (quoting *United States v. Moore*, 917 F.2d 215, 221 (6th Cir. 1990)); *United States v. Davis*, 177 F.3d 552, 558 (6th Cir. 1999) ("defendant seeking severance at trial from co-defendants bears a strong burden and must demonstrate substantial, undue, or compelling prejudice"). To make this showing, "the defendant must demonstrate the jury's inability to distinguish the evidence relevant to each defendant." *Moore*, 917 F.2d at 221. If the defendant is "'able to show some potential jury confusion, such confusion must be balanced against society's interest in speedy and efficient trials.'" *Dixon*, 2015 U.S. Dist. LEXIS 65126, at *2–3 (quoting *Murr v. United States*, 200 F.3d 895, 904 (6th Cir. 2000). Furthermore, "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Zafiro*, 506 U.S. at 539.

## III. DISCUSSION

Without analysis and with only minimal explanation, Walker asserts that he will be

3

prejudiced by a joint trial with McKissick if McKissick's post-arrest statements are admitted as evidence in their joint trial, and these statements may lead to jury confusion.  He then relies on *Bruton*, 391 U.S. at 136–37, to assert that severance is appropriate in this case because the Government may try to use McKissick's statements as evidence in the joint trial, and the statements are probative of Walker's guilt but are "technically admissible only against [McKissick]." ([Filing No. 64-1 at 3](#).)

In *Bruton*, the Supreme Court held that where a co-defendant makes a powerfully incriminating, extra-judicial statement and does not testify at trial, that statement cannot be introduced as evidence in the record.  *Bruton*, 391 U.S. at 136.  The Supreme Court recognized that the risk of prejudice to the defendant, caused by the incriminating statement, was far too great, despite limiting jury instructions.  *Id.*

The Government responds that Walker's *Bruton* claim is premature because the Government has not yet sought admission of the statements, it is uncertain whether McKissick will testify at trial, and redactions can cure any potential errors.  The Government further argues that the statements do not violate *Bruton* because they were made in furtherance of the co-defendants' ongoing conspiracy and thus are admissible under Federal Rule of Evidence 801(d)(2)(E). Additionally, the Government asserts that *Bruton* only applies if the statements are "powerfully incriminating," and McKissick's statements are just the opposite, denying any culpability.

The Court notes that there is no *Bruton* violation if McKissick chooses to testify as he would be subject to cross-examination by Walker.  Further, "even if the defendants can show prejudice, that alone may not necessarily suffice for them to prevail; limiting instructions will often cure any risk of prejudice, and tailoring relief from prejudice is within the district court's discretion." *United States v. Carter*, 695 F.3d 690, 701 (7th Cir. 2012).  Another way to reduce or

eliminate any potential prejudice would be to redact portions of McKissick's statements. "Redactions can ensure a fair trial and preserve the effectiveness of jointly trying co-defendants against whom the vast majority of the evidence is equally admissible." *Dixon*, 2015 U.S. Dist. LEXIS 65126, at *4.

The Court is not convinced that Walker has shown any prejudice by the statements made by McKissick and their potential use at trial. Redactions or limiting instructions can cure any potential for prejudice. Furthermore, the Court agrees with the Government that McKissick's statements actually are exculpatory, not powerfully incriminating. Thus, Walker's arguments for severing his trial from McKissick's trial are unavailing.

## IV. CONCLUSION

For the foregoing reasons, Walker's Motion to Sever (Filing No. 64) is **DENIED**.

**SO ORDERED.**

Date: 8/2/2016

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kimberly Shawntee Robinson
atty.robinson@icloud.com

Bradley Paul Shepard
UNITED STATES ATTORNEY'S OFFICE
brad.shepard@usdoj.gov

Peter A. Blackett
UNITED STATES ATTORNEY'S OFFICE
peter.blackett@usdoj.gov

Jack Crawford
CRAWFORD & DEVANE
crawdevlaw@indy.rr.com

Gwendolyn M. Beitz
INDIANA FEDERAL COMMUNITY DEFENDERS
gwendolyn_beitz@fd.org